**Yosyp HRYHIL, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73117.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 28, 2005.

Judith Seeds Miller, Esq., Davis Miller & Neumeister, Van Nuys, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Dexter Lee, Miami, FL, for Respondent.

Before: T.G. NELSON, WARDLAW and TALLMAN, Circuit Judges.

## MEMORANDUM **

Yosyp Hryhil, a native and citizen of the Ukraine, petitions for review of the Board of Immigration Appeals' decision affirming the Immigration Judge's ("IJ") denial of his applications for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *Malhi v. INS*, 336 F.3d 989, 992–93 (9th Cir.2003). We deny the petition for review.

We conclude that substantial evidence supports the IJ's decision because Hryhil's testimony was inconsistent with documents that he submitted regarding whether or not his family had ever been threatened by police. *See Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004) (inconsistencies that go to the heart of petitioner's claim form a proper basis for an adverse credibility determination). Moreover, Hryhil's testimony was inconsistent with his asylum application concerning the details of the first incident in which he contends he was beaten by police, including whether he was in fact arrested, and the year the incident

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

occurred. *See id.* Finally, Hryhil's testimony lacked specificity and detail, particularly in light of the great detail contained in his supporting declaration. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1153 (9th Cir.1999) (the level of specificity in an applicant's testimony is an appropriate consideration in an adverse credibility determination).

Because Hryhil failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Because Hryhil's claim under the CAT is based on the same testimony that the IJ found not credible, and he points to no other evidence that he could claim the IJ should have considered in making its determination under CAT, his CAT claim also fails. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.